IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VLADIMIR YAKOVLEVICH STRESHINSKIY and NATALIA ALEXEVVNA STRESHINSKAYA,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRADLEY T. SMITH, in his official capacity as Director of the United States Department of the Treasury's Office of Foreign Assets Control<br>1500 Pennsylvania Avenue, NW<br>Freedman's Bank Building<br>Washington, D.C. 20220<br><br>*Defendant,*<br><br>and<br><br>THE UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL<br>1500 Pennsylvania Avenue, NW<br>Freedman's Bank Building<br>Washington, D.C. 20220<br><br>*Defendant.* | CIV. NO. 1:24-cv-1601 |

## COMPLAINT

Plaintiffs Vladimir Yakovlevich Streshinskiy and Natalia Alexeevna Streshinskaya, for their complaint against Defendants, the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and OFAC's Director Bradley T. Smith, state as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*. ("IEEPA"), and the Administrative

1

Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and laws of the United States.

2. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57. This Court may grant injunctive relief in accordance with Federal Rule of Civil Procedure 65.

3. Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. § 1391(b) and (e).

## THE PARTIES

4. Plaintiff Vladimir Yakovlevich Streshinskiy is and was at all times relevant herein a citizen of the Russian Federation, Israel, and Cyprus. Mr. Streshinskiy is, at present, not employed. Plaintiff Natalia Alexeevna Streshinskaya is and was at all times relevant herein a citizen of the Russian Federation and Cyprus and is Mr. Streshinskiy's spouse. On April 12, 2023, Defendants designated Mr. Streshinskiy to the Specially Designated Nationals and Blocked Persons List ("SDN List"), which is maintained and administered by Defendants. Mrs. Streshinskaya was designated the same day pursuant to Executive Order 14024 ("E.O. 14024") for being the spouse of Mr. Streshinskiy.[1]

5. Defendant OFAC is a federal administrative agency within the United States Department of the Treasury and is located at 1500 Pennsylvania Avenue NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating persons pursuant to the authority of E.O. 14024. OFAC adds and removes persons to and from the SDN List consistent with E.O. 14024 and the regulations in

---

[1] The President of the United States, invoking the authority of IEEPA, issued E.O. 14024 on April 15, 2021. *See* Exec. Order No. 14024, 86 Fed. Reg. 20249 (Apr. 15, 2021).

2

31 C.F.R. Part 501, the "Reporting, Procedures, and Penalties Regulations."

6. Defendant Bradley T. Smith is the current Director of OFAC and is responsible for the conduct and policies of OFAC. This suit is brought against Director Smith in his official capacity only.

**INTRODUCTION**

7. On April 12, 2023, Defendants sanctioned Mr. Streshinskiy under E.O. 14024 for operating or having operated in the metals and mining sector of the Russian Federation economy as well as for being or having been a leader, official, senior executive officer, or member of the board of directors of USM Holdings, MegaFon PAO ("MegaFon"), and Metalloinvest Management Company ("Metalloinvest"), entities whose property and interests in property are blocked pursuant to E.O. 14024. That same day, Defendants designated Mrs. Streshinskaya and added her to the SDN List.

8. At the time of his designation by Defendants, Mr. Streshinskiy had already resigned from the position of CEO at USM Holdings on April 4, 2022. His disengagement from professional roles continued, culminating in his resignations from the boards of directors of MegaFon and Metalloinvest on April 12, 2023—the very day of his designation. Two days later, on April 14, 2023, he also resigned from the board of directors of USM Holdings.

9. As a result of Defendants' designations, U.S. persons are prohibited from engaging in transactions with Mr. and Mrs. Streshinskiy. Furthermore, any foreign persons who provide goods or services to Mr. and Mrs. Streshinskiy are subject to designation under E.O. 14024. Mr. and Mrs. Streshinskiy desire to avoid further harm to themselves and their family by expeditiously filing with OFAC a petition for delisting from the SDN List.

10. However, Defendants have exacerbated the ongoing harm to Mr. and Mrs. Streshinskiy by withholding from them OFAC's administrative record in support of their

designations, despite their repeated requests to access those records. As a result, Mr. and Mrs. Streshinskiy are left to rely solely on Defendants' April 12, 2023 press release (the "Press Release"), available at https://home.treasury.gov/news/press-releases/jy1402, in which they are named in a single paragraph, to ascertain the reasons and evidence for their designations, a circumstance which severely limits their ability to understand and challenge the allegations against them.

11. The Press Release lacks detail and clarity on how Mr. and Mrs. Streshinskiy's designations relate to the legal standards for designation set forth in E.O. 14024. This omission leaves the reasons for Mr. and Mrs. Streshinskiy's designations unclear and unsupported by evidence or legal rationale.

12. Consequently, Defendants' unlawful withholding of the administrative record has denied Mr. and Mrs. Streshinskiy effective access to the procedures available to them under the APA and OFAC's own regulations. The absence of detailed information about the bases for their designations has also deprived them of a meaningful opportunity to contest them, effectively barring them from engaging in a fair and informed challenge against Defendants' actions.

13. Mr. and Mrs. Streshinskiy are now appealing to this Court for relief from Defendants' unlawful actions. They respectfully request this Court to order Defendants to provide the administrative records that supply the bases for their designations to the SDN List, as well as grant the additional relief requested below.

## FACTUAL ALLEGATIONS

### A. OFAC Designates Mr. and Mrs. Streshinskiy Pursuant to E.O. 14024

14. On April 12, 2023, OFAC designated Mr. and Mrs. Streshinskiy pursuant to E.O. 14024 and added them to the SDN List. On the same date, Defendants issued the Press Release announcing their designations. Per the Press Release, OFAC designated Mr. Streshinskiy for operating or having operated in the metals and mining sector of the Russian Federation economy,

as well as for being or having been a leader, official, senior executive officer, or member of the boards of directors of USM Holdings, MegaFon, and Metalloinvest, entities whose property and interests in property are blocked pursuant to E.O. 14024. Mrs. Streshinskaya was designated pursuant to E.O. 14024 for being the spouse of Mr. Streshinskiy.

15. The designations of Mr. and Mrs. Streshinskiy have significant legal implications. U.S. persons are prohibited from engaging in any transactions or dealings with them, effectively isolating them from any financial interactions subject to the jurisdiction of the United States. Additionally, both U.S. and foreign persons who provide material assistance to Mr. and Mrs. Streshinskiy, which could include the provision of financial services or other goods and services, are at risk of being designated under E.O. 14024. As a result, Defendants have unilaterally imposed an effective global ban on dealings with Mr. and Mrs. Streshinskiy, causing them and their family irreparable personal and financial harm.

16. Among the personal consequences, Mr. Streshinskiy was diagnosed with a serious health condition in 2022 (which necessitated surgery), and the Defendants' actions have impeded his ability to access appropriate medical treatment. Moreover, the actions of Defendants, including their failure to provide the requested administrative record, have hindered Mr. and Mrs. Streshinskiy's ability to promptly seek appropriate and effective legal remedies.

    **B.    Mr. and Mrs. Streshinskiy's Requests to OFAC for the Administrative Record**

17. On September 22, 2023, Mr. and Mrs. Streshinskiy requested that OFAC permit them access to the unclassified sections of the administrative record or any other documents that supported their designations. See **Exhibit 1.** On September 26, 2023, OFAC confirmed receiving this request, and assigned it the case identification number RUSSIA-EO-14024-35840, but ultimately did not respond to the request. See **Exhibit 2.**

18. On April 12, 2024, over six months after their initial request, Mr. and Mrs.

Streshinskiy submitted another request to OFAC for the unclassified portions of the administrative record. See **Exhibit 3**. They underscored the necessity of accessing these documents in order to thoroughly prepare and file a petition for removal from the SDN List. Additionally, they informed OFAC that if the documents were not provided within thirty days, they would initiate legal proceedings against OFAC and seek to obtain a court order for the release of the administrative record. On April 22, 2024, OFAC acknowledged receipt of this request and informed them that the compilation and approval for disclosure of the administrative record was still in progress. See **Exhibit 4**.

19. Accordingly, as of the filing of this Complaint, over eight months have passed since Mr. and Mrs. Streshinskiy's original request for the administrative record supporting their designations, and OFAC has still not provided any portions of the administrative record.

20. In the absence of the administrative record or adequate notice, Mr. and Mrs. Streshinskiy are unable to meaningfully respond to Defendants' allegations or challenge their designations. They remain unaware of (i) the specific reasons and particular facts precipitating OFAC's actions and (ii) the relationship of the information set forth in the Press Release to the legal grounds for their designations. Consequently, without an understanding of the bases for their designations, Mr. and Mrs. Streshinskiy are unable to file a meaningful administrative delisting petition before OFAC.

    **C.**    **Harm to Mr. and Mrs. Streshinskiy Caused by Defendants' Actions**

21. Defendants' actions have inflicted substantial and irreversible personal and financial damage on Mr. and Mrs. Streshinskiy and their family. Due to OFAC's designations, U.S. individuals are broadly restricted from conducting any form of transactions or dealings with them. Moreover, individuals worldwide who transact with Mr. and Mrs. Streshinskiy also face the risk of being sanctioned by Defendants. This has led to significant isolation and detriment, both personal

and financial, to Mr. and Mrs. Streshinskiy and their family.

22. The personal detrimental effects on Mr. Streshinskiy are particularly severe, as his health condition requires access to medical treatments, the obtaining of which is significantly hindered by his designation.

23. Defendants recognize the severe repercussions that sanctions have on designated individuals like Mr. and Mrs. Streshinskiy and have acknowledged the profound personal and financial isolation that such measures impose. *See*, *e.g.*, March 22, 2019, OFAC Press Release, available at https://home.treasury.gov/news/press-releases/sm634 (stating that anyone considering dealing with the sanctioned entity and individuals "risks professional, personal, and financial isolation.").

**CAUSES OF ACTION**
**COUNT I**
OFAC'S FAILURE TO DISCLOSE THE ADMINISTRATIVE RECORD UNDERLYING MR. AND MRS. STRESHINSKIY'S DESIGNATIONS IS IN VIOLATION OF THE APA
(5 U.S.C. § 555(b))

24. Mr. and Mrs. Streshinskiy re-allege and incorporate by reference the allegations in all preceding paragraphs as if fully set forth herein.

25. The APA mandates that agencies "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and that courts "shall compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1).

26. "Agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

27. On September 22, 2023, Mr. and Mrs. Streshinskiy filed their first request for the administrative record, but Defendants have failed to produce any portion of that record.

28. Defendants' failure to disclose the administrative record constitutes an unreasonable denial, or an unreasonable delay, of agency action under the APA, and the Court should compel OFAC to promptly provide the administrative record to Mr. and Mrs. Streshinskiy.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE OF THEIR BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING MR. AND MRS. STRESHINSKIY IS IN VIOLATION OF THE APA
(5 U.S.C. § 706(2)(A) and (D)

29. Mr. and Mrs. Streshinskiy re-allege and incorporate by reference the allegations in all preceding paragraphs as if fully set forth herein.

30. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

31. Post-deprivation due process requires sufficient notice to be given to an aggrieved party. Sufficient notice requires Defendants to provide Mr. and Mrs. Streshinskiy with an understanding of the bases, conclusions, findings, and reasoning relied upon in support of their designations so that they may have the opportunity to make a meaningful response.

32. Since they designated Mr. and Mrs. Streshinskiy on April 12, 2023, Defendants have failed to disclose any portion of the administrative record underlying or otherwise supporting Mr. and Mrs. Streshinskiy's designations under E.O. 14024.

33. Defendants' failure to provide Mr. and Mrs. Streshinskiy with adequate and fair notice of the information and analysis relied upon to support and maintain their designations is in violation of the APA, as it is not in accordance with the law, without observance of the procedures required under the APA, and in violation of OFAC's due process obligations.

## COUNT III

### DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE OF THEIR BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING MR. AND MRS. STRESHINSKIY VIOLATES THEIR FIFTH AMENDMENT RIGHT TO DUE PROCESS

34. Mr. and Mrs. Streshinskiy re-allege and incorporate by reference the allegations in all preceding paragraphs as if fully set forth herein.

35. In the post-deprivation context, the Fifth Amendment's Due Process Clause requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

36. Defendants are required to provide Mr. and Mrs. Streshinskiy with an understanding of the bases, conclusions, findings, and reasoning supporting the designation actions against them so that they may have the opportunity to make a meaningful response.

37. Since they designated Mr. and Mrs. Streshinskiy on April 12, 2023, Defendants have failed to disclose any portion of the administrative record underlying or otherwise supporting their designations under E.O. 14024.

38. Defendants' failure to provide Mr. and Mrs. Streshinskiy with prompt, adequate, and fair notice of the bases, conclusions, and reasons relied upon to designate them violates their right to due process under the Fifth Amendment to the U.S. Constitution.

### **RELIEF REQUESTED**

WHEREFORE, Mr. and Mrs. Streshinskiy respectfully request that this Court:

A. Order Defendants to disclose the administrative record or any unclassified portions of such record so as to apprise Mr. and Mrs. Streshinskiy of the reasons for their designations;

B. Order Defendants to produce an unclassified summary of classified or otherwise

   privileged information contained in the administrative record, which—together with the unclassified version of the administrative record—fully apprises Mr. and Mrs. Streshinskiy of all of the reasons for their designations;

C. Order Defendants to provide alternative means by which Mr. and Mrs. Streshinskiy can be given sufficient notice of the reasons for their designations in the event that OFAC is unable to disclose all of the reasons for the designations through the redacted version of the administrative record and an unclassified summary;

D. Order Defendants to explain why any redactions from the administrative record—including for classified, classified by compilation, and otherwise privileged information—lawfully fall within the scope of those categories;

E. Grant an award to Mr. and Mrs. Streshinskiy for all costs incurred in this action, including reasonable attorney's fees; and

F. Award Mr. and Mrs. Streshinskiy any other further relief as the Court may deem just and proper.

Dated: May 31, 2024

            Respectfully submitted,

            /s/ *James W. Porter, III*
            James W. Porter, III (D.C. Bar No. 999070)
            Bradley Arant Boult Cummings LLP
            1615 L Street, NW, Suite 1350
            Washington, D.C. 20036
            Tel: (202) 393-7150
            Fax: (202) 719-8332
            jporter@bradley.com